NO. 07-04-0398-CR


 07-04-0399-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 6, 2004



______________________________




TAMMIE SCHULENBERG, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;



NO. 241-0612-02, 241-0613-02; HONORABLE CYNTHIA KENT, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND
 

 Appellant Tammie Schulenberg has given notices of appeal from revocation of
community supervision pursuant to convictions and sentences in causes numbers 241-0612-02 and 241-0613-02 in the 114th District Court of Smith County, Texas (the trial court),
for forgery. The trial court entered orders directing designation of any portions of the
reporter's record necessary for appeal be filed with the Court and a copy forwarded to the
court reporter on or before August 12, 2004. Pursuant to transfer of the appeals by the
Texas Supreme Court from the Twelfth Court of Appeals to this court, the clerk of this court
received and filed the trial court clerk's record in each appeal on August 10, 2004. Prior
to transfer of the appeals, the date for filing of the reporter's records had been extended
two times. Subsequent to this court's receipt and docketing of the appeals, the court
reporter has been advised by letters from the appellate clerk that the reporter's records are
past due. The letters also directed the reporter to appropriately respond in the event the
reporter's records could not be filed immediately. The court reporter has failed to respond
to any communications from either of the appellate clerks. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute these appeals; (2) if appellant desires to prosecute the appeals,
whether appellant has requested reporter's records, or designated portions of the reporter's
records necessary for appellant's appeals, and if not, what orders should be entered to
assure such requests or designations; (3) if the reporter's records have been requested or
portions necessary to appellant's appeals designated, what orders or other actions should
be directed to the court reporter to assure immediate filing of the reporter's records or such
portions of the records as have been designated by appellant; (4) what orders, if any,
should be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant
desires to prosecute the appeals, to assure that the appeals will be diligently pursued. The
trial court is directed to enter any orders that it determines necessary and appropriate to
assure the proper fulfilment of duties by appellant's attorney, the court reporter, or any
other person necessary for diligent prosecution of appellant's appeals, or dismissal of the
appeals. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) enter any
necessary orders; (3) make and file appropriate findings of fact, conclusions of law and
recommendations, and cause them to be included in supplemental clerk's records; (4)
cause the hearing proceedings to be transcribed and included in reporter's records; and
(5) have a record of the proceedings made to the extent any of the proceedings are not
included in the supplemental clerk's records or the reporter's records. In the absence of
a request for extension of time from the trial court, the supplemental clerk's record,
reporter's record of the hearing and proceedings pursuant to this order, and any additional
proceeding records, including any orders, findings conclusions and recommendations, are
to be sent so as to be received by the clerk of this court not later than February 15, 2005. 

 So ordered.

 Per Curiam

Do not publish.



type="text/javascript" language="javascript">
 if( bInlineFloats )
 {
 document.write( '' );
 document.write( WPFootnote1 );
 document.write( '
Close' );
 document.write( '' );
 }

 brief, wherein she certified that, after
diligently searching the record, she concluded that the appeal was without merit.


 Along
with her brief, counsel attached a copy of a letter sent to appellant informing him of
counsel’s belief that there was no reversible error and of appellant’s right to file a response
or brief pro se. By letter dated May 5, 2008, this court notified appellant of his right to file
a response and set June 4, 2008, as the deadline to do so. Appellant filed his response
on May 20, 2008.  
          Appellate counsel has noted in her brief that a motion for new trial and statement
of points of error was filed in which appellant attacked the sufficiency of the evidence to
support the statutory bases for termination as well as the finding that termination was in
the best interest of the children. However, she further notes that a global statement that
evidence is insufficient is not specific enough to preserve the issues for appeal. See Tex.
Fam. Code Ann. §263.405(i) (Vernon Supp. 2007) (stating that a claim that a judicial
decision is contrary to the evidence or that the evidence is factually or legally insufficient
is not sufficiently specific to preserve an issue for appeal). 
           Yet, we note that in his statement of points, appellant did not merely make a global
challenge of insufficiency but instead set forth each specific finding of the court and
asserted a challenge to the sufficiency of the evidence of each specific finding. We believe
this was specific enough to apprise the trial court of the complaint and to preserve the
issues for appeal. See In re S.K.A., 236 S.W.3d 875, 899 (Tex. App.–Texarkana 2007,
pet. filed) (finding that the appellant’s complaints as to each of the separate grounds of
termination and the best interest finding were sufficient to meet the statute); In re A.J.H.,
205 S.W.3d 79, 80-81 (Tex. App.–Fort Worth, 2006, no pet.) (finding that error was
preserved when the statement of points referenced specific paragraphs of the judgment
and specific grounds of termination). However, appellate counsel did not brief these
arguable grounds having believed them to be waived. 
          Accordingly, the motion to withdraw of appellate counsel is granted, and the cause
is abated and remanded to the trial court for the appointment of new counsel. The trial
court shall further order the newly appointed counsel to file an appellant’s brief, as per the
Texas Rules of Appellate Procedure, developing the aforementioned grounds and all other
grounds that might support reversal or modification of the judgment. The deadline for filing
appellant’s brief with the clerk of this court is July 27, 2008. Any responding brief which
the State wishes to file shall be filed within 30 days after the filing of appellant’s brief. 
Finally, the trial court shall cause the name, address, and state bar number of the newly
appointed counsel to be included in a supplemental transcript which transcript shall be filed
with the clerk of the court by June 27, 2008. 
 
                                                                           Per Curiam